### EMERY v. DE PEYSTER.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. DE FACTO CORPORATION—PROOF—REPORT—FAILURE TO FILE—DIRECTORS' LIABILITY.

Proof that a corporation, which had not become a corporation de jure by reason of its failure to file its articles in the office of the county clerk, had filed its articles in the office of the secretary of state, and had called a meeting prior to January 1, 1900, at which officers were elected and a resolution passed authorizing a contract, which was not consummated prior to January 1, 1900, was insufficient to establish the existence of a corporation de facto prior to that date, so as to render its directors personally liable for debts for failure to file an annual report in January, 1900.

Appeal from trial term, New York county.

Action by Samuel Emery against Johnston L. De Peyster. From a judgment in favor of defendant dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Dean Emery, for appellant.
W. H. Wood, for respondent.

PATTERSON, J. The plaintiff sued to enforce against the defendant the statutory liability of a director of a corporation for the nonfiling of an annual report in January, 1900. The allegation of the complaint is that the defendant from May to November of the year 1900 was a director and president of the corporation, and that the plaintiff in July, 1900, was employed by that corporation to render certain services to it, and that he was wrongfully discharged and suffered damages by reason of such discharge. The defendant admits that he was a director and president of the corporation from May to November, 1900, and that no report was filed of the affairs of the company in 1900. The plaintiff did not charge specifically that the corporation was in existence on the first of January, 1900, and upon the trial he was allowed to amend his complaint by alleging incorporation prior to January 1, 1900, and the defendant was allowed to amend his answer by denying such incorporation prior to January 1, 1900.

It appeared in evidence that a certificate of incorporation was filed with the secretary of state of the state of New York on the 21st of December, 1899, but no certificate was filed in the office of the county clerk of the county of New York, which was the place at which the corporate business was to be carried on. The incorporation, therefore, was incomplete. Thereupon the plaintiff undertook to prove that a de facto corporation existed prior to January, 1900. He showed an attempt to incorporate under a general law by filing a certificate with the secretary of state, and then made the effort to prove acts of user such as would establish the existence of a de facto corporation. The only evidence offered on that subject is contained in the minutes of a meeting of the board of directors of the corporation held December 22, 1899, the day after the certificate of incorporation was filed in the office of the secretary of state. In these minutes it is stated that the incorporation papers as presented by the attorney for the company were accepted and filed in its office. Upon motion duly seconded, the election of officers was proceeded with, and a president, vice president, secretary, and treasurer were elected. Then the following resolution was passed:

"Whereas, it is necessary for the welfare of the company to acquire certain rights now owned by Raymond L. Donnell in order to enter into business, it is hereby resolved that the proper officers be and are hereby authorized and instructed to issue to said Raymond L. Donnell one thousand dollars in cash and nineteen hundred shares of the capital stock of this company in full payment for his entire interest in the publication known as the 'Railway News.' There being no further business, the meeting adjourned."

The purpose for which the corporation was to be formed was "to do a general publishing and printing business." There is no evidence of any business act done by the corporation prior to January 1, 1900, in furtherance of that purpose. All that was done at the meeting of the board of directors was preliminary to beginning business. An organization of the corporation was effected, and the purpose to do business was indicated, but there is no proof to show that the thousand dollars was ever paid to Donnell or the shares of stock issued to him, or that

78 N.Y.S.—67

any executed contract was made with him or any one else. Nor is there one word of proof of any business transaction being had by the corporation during the year 1899. There was merely preparation for business, and nothing more. That it did not begin to do business until March, 1900, is affirmatively shown in the testimony of Brooks, the vice president.

To make proof of the existence of a de facto corporation, it is necessary to show not only that there is a law under which the corporation might be organized and an attempt to organize it, but that corporate powers have been exercised; that is, that the corporation has exercised its particular franchise by doing business under it. In Methodist Episcopal Church v. Pickett, 19 N. Y. 482, it is said that where there is a valid law under which a corporation may exist, and the record shows a bona fide attempt to organize under it, very slight evidence of user beyond that is necessary; but none of the cases to which our attention has been called holds that the mere organization of the corporation by the election of officers and the passage of resolutions by directors relating to contracts purely executory in their nature constitute acts of user of the franchise. That was held even of acts of a de jure corporation. In Kirkland v. Kille, 99 N. Y. 390, 2 N. E. 36, the action was brought against defendants, trustees of the Globe Smelting Company, to recover a debt of the company on the ground that the defendants had failed to make and file an annual report for the year 1876, as required by the general manufacturing act. There the company was fully organized for the purpose "of carrying on a mining, smelting, and metallurgical business, to accumulate, conduct, and supply water for mining purposes." The whole capital stock was issued in payment for mining property, smelting works, and real estate, officers were elected, and their salaries fixed, and the directors resolved to issue bonds to be secured by mortgage on the entire property of the company. At another meeting of the directors it was resolved that immediate action was required to protect the property of the company and pay expenses already contracted on that account. In commenting upon these facts, the court said:

"Not only was there no evidence that any other than formal acts were performed by the company in furtherance of the objects of its organization, but it was proven without contradiction 'that it never got into business, that it never conducted or carried on a mining, smelting, or metallurgical business, or that of accumulating, storing, or conducting a supply of water for mining purposes.' In short, 'that it never performed any part of the business for which it was incorporated.' The bonds were not negotiated, and even the preliminary work of examination of the property by the consulting engineer, and 'assessment work,'—that is, work done on the claim to protect the title,— ceased in the early part of 1875. 'It never dug out any ore with a view to smelting.' The last of any kind was in June, 1875. There was at no time a superintendent. Under these circumstances, we think no report in 1876 was required from the company. It never had the material capacity to do business. Even its effort to acquire it ceased, and its intention to do so was given up in 1875."

We are of the opinion in this case that there was no user prior to the 1st of January, 1900; that a de facto corporation did not exist prior to that date; and hence the provisions of the statute requiring the filing of an annual report, which provisions are highly penal in their

nature, are not applicable in this case; and that the complaint was properly dismissed.

The judgment appealed from should be affirmed, with costs. All concur.